

Samuel I. Portnoy
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4909 Fax: 973-639-6218
sportnoy@gibbonslaw.com

February 6, 2020

**VIA ECF AS A LETTER-MOTION**

**MEMO ENDORSED**

Hon. Kenneth M. Karas, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

> Re: **In re Specialist and Other Vessel Owner Limitations Actions**
> **Civ. Action No. 16-cv-04643 (KMK) (PED); 16-cv-05010; 16-cv-7001**

Dear Judge Karas:

We represent Weeks Marine, Inc. ("Weeks") in the above-referenced actions. As more fully set forth below, because of very recent changes in the analyses previously provided by TZC in support of its construction delay damages claim, we write to request a 60-day extension of fact discovery as to TZC's damages claims from March 31, 2020 to June 1, 2020, and a corresponding extension of the deadline for completion of damages expert discovery from June 30, 2020 to August 31, 2020. This is necessary to allow us to analyze the recent changes and direct any additional discovery accordingly. TZC's counsel, while not necessarily agreeing with all of our reasoning, has advised us that TZC consents to this extension.

By way of background, in May 2018, the Gibbons firm was retained as co-counsel for Weeks, with our principal role being to defend the construction delay claim asserted by TZC against Weeks, arising out of the March 12, 2016 tug boat accident. Upon our entry into the case, we became aware that TZC had supplied sworn amended answers to interrogatories propounded by Weeks's co-counsel. Those interrogatory answers, served October 23, 2017, provided important details concerning the basis for, and quantification of, TZC's construction delay claim. In pertinent part, TZC's Interrogatory answers:

(1) Answered a question seeking details of its delay computation by specifically pointing to a Time Impact Analysis ("TIA") that TZC had submitted to the New York State Thruway Authority in April 2016 ("the April 2016 TIA") in which TZC claimed 198 days of delay. The April 2016 TIA reached its conclusions by setting forth an analysis of how the tug accident had impacted particular aspects of the bridge project's January 2016 schedule update, including the particular scheduled activity dates found in that January 2016 update.

GIBBONS P.C.

February 6, 2020
Page 2

>    (2) Answered a question concerning its monetary damages quantification by pointing to a spreadsheet and accompanying backup, computing alleged damages of approximately $99 million (the "October 2017 Damages Spreadsheet").

Upon our firm's entry into the case, among our first steps was to retain (a) expert construction scheduling experts to evaluate the April 2016 TIA and (b) expert forensic accountants to evaluate the October 2017 Damages Spreadsheet. We used the assistance of these two groups of consultants to help guide our legal analysis, and more importantly the course and focus of our discovery efforts in the months that followed.

Then, in January 2020, with the Court-ordered close of damages fact discovery less than three months away, significant changes occurred.

First, on January 3, 2020, TZC served upon us a new damages spreadsheet (the "January 2020 Damages Spreadsheet"). TZC's counsel had alerted us in late November 2019 that an adjusted damages analysis was coming, but had given us no inkling of the magnitude of the change. As it turned out, the January 2020 Damages Spreadsheet contained new analyses increasing TZC's claimed damages computation by **nearly 40%** to approximately $138 million. Among other things, the new analyses entirely changed the "yardstick" period used to measure TZC's daily construction costs, and added an entire equipment ownership/rental costs analysis that was completely absent from the October 2017 Damages Spreadsheet, which new analysis itself added an alleged $20 million to TZC's damages claim.

Then, on January 13, 2020, TZC's counsel also served an entirely new Time Impact Analysis measuring the days of delay (the "January 2020 TIA"). Significantly, in December 2019, our firm took the deposition of Sandra Levine, TZC's former "Scheduling Lead" who had ultimate responsibility for the creation of the April 2016 TIA that had been (a) served upon the Thruway Authority and (b) incorporated into TZC's October 2017 interrogatory answers. Our deposition of Ms. Levine lasted all day, and a significant portion of the deposition was devoted not only to the April 2016 TIA but to the January 2016 TZC schedule update upon which it was based. In particular, the deposition explored multiple instances in which events that transpired after the date of the January 2016 schedule, but before the March 2016 tug accident, arguably called into question the appropriateness of using the January 2016 schedule in the April 2016 TIA analysis. On the heels of that deposition, nearly four years after providing the April 2016 TIA to the Thruway Authority, more than two years after incorporating that TIA into its interrogatory answers, and less than three months before the damages discovery deadline, TZC served the new January 2020 TIA, which TIA reaches the same 198-day conclusion but does so with a new analysis, using as a baseline TZC's February 2016 project schedule, instead of the January 2016 schedule on which the prior TIA had been based.

As a result of these two last-minute changes to both TZC's delay-calculation methodology and its dollar damages calculations, much of the work and analysis done both by

GIBBONS P.C.

February 6, 2020
Page 3

our firm and our consultants must now be redirected to confront TZC's new methodologies. This inevitably will require and has already required us to seek additional documents from TZC, and certainly will require either the deposition of new witnesses or the re-deposition of witnesses already deposed.

For these reasons, Weeks respectfully submits that it would suffer significant prejudice if the existing damages discovery deadlines are not adjusted to provide Weeks with time to confront a damages case that has shifted significantly in the past month through no fault of Weeks. We ask, accordingly, that the damages fact and expert discovery deadlines be extended by 60 days, thus extending the damages fact discovery deadline from March 31, 2020 to June 1, 2020, and the damages expert discovery deadline from June 30, 2020 to August 31, 2020.

This is the third request for an extension of the damages discovery deadlines.[1] In light of the status and currently expected trial date of the liability phase of these matters, we do not believe the requested extensions will have any adverse impact on the overall progress and conclusion of these matters.

Respectfully submitted,

/s/ Samuel I. Portnoy
Samuel I. Portnoy

cc:  Honorable Paul E. Davison, U.S.M.J. (via ECF)
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

*All counsel of record (via ECF)*

*[Handwritten annotation:] Discovery may be extended by 30 days, as to each phase. So Ordered. KMK 2/6/20*

---

[1] Earlier in the case, the Court had extended liability discovery deadlines with corresponding extensions to damages discovery deadlines. The first request for an extension of the damages discovery deadline, untethered to any request for an extension of liability discovery, sought an extension of the damages fact discovery deadline from December 31, 2019 to March 31, 2020, and an extension of the damages expert discovery deadline to August 31, 2020. [*See* Dkt. ## 512, 515, 517.] The Court issued an order on October 29, 2019, granting in part and denying in part the parties' request for an extension of the damages discovery schedule, setting a damages fact discovery deadline of January 31, 2020, and a damages expert discovery deadline of May 31, 2020. [*See* Dkt. # 518.] The Court later granted in part a request for a further extension, setting a damages fact discovery deadline of March 31, 2020, and a damages expert discovery deadline of June 30, 2020. [*See* Dkt. # 526.]

2779454.2 108425-98432